UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>CESAR PALOMINO,<br><br>    Defendant. | 2:03-cr-0420-LDG-PAL<br><br>**ORDER** |

In his motion to withdraw his guilty plea and to dismiss the indictment, defendant mounts a collateral attack on his November 1992 deportation order, which was the basis for his July 2002 deportation, and one of the predicate elements of his illegal reentry plea and conviction in 2004. He argues that he was deprived due process because the immigration judge failed to advise him of his eligibility for § 212(c) discretionary relief from deportation.

It is a crime for a deported or removed alien to enter, attempt to enter, or be found in the United States. 8 U.S.C. § 1326(a). An alien can collaterally attack the validity of a § 1326 conviction by challenging the validity of the deportation proceedings upon which the crime is predicated. To sustain such a collateral attack, a defendant must, within constitutional limitations, demonstrate that (1) he exhausted all administrative remedies available to him to appeal his removal order, (2) the underlying removal proceedings at which the order was issued improperly deprived him of the opportunity for judicial review, and (3) the entry of the order was fundamentally unfair. 8 U.S.C. § 1326 (d).

In this case, defendant has not demonstrated that the immigration judge's alleged failure to inform him of his possible eligibility for discretionary relief from removal deprived him of the opportunity for judicial review. Defendant does not dispute that he, in fact, appealed his 1992 deportation order, and that the appeal was dismissed on May 4, 1993. See United States v. Arrieta, 224 F.3d 1076, 1079 (9th Cir. 2000) (relief available where alleged defect in proceedings also denied defendant the opportunity for judicial review). Moreover, defendant knowingly and voluntarily waived further judicial review when he absconded on bail. Accordingly,

THE COURT HEREBY ORDERS that defendant Palomino's motion to withdraw plea and to dismiss the indictment (#71) is DENIED.

DATED this  11  day of December, 2007.

_____
Lloyd D. George
United States District Judge

2